Judge Owsley
delivered the opinion of the court.
On the 9th of February, 1811, the following instrument of writing was executed, sealed and delivered, by Vanbuskirk, viz: Articles of agreement, made between John Vanbuskirk, of Mason county, of the one part, and Richard Boucher of the county aforesaid of the other part, witnesseth; That the said John Vanbuskirk hath rented, leased and to farm let, and by these presents, dtoh rent, lease and farm let, unto the said Richard Boucher, or assigns, fifty acres of land, next adjoining the line of the place said Boucher now occupies, so as to include the hollow next to Bledsoe’s, where the said Boucher may raise a house, be the same, more or less, for and during the time of five years, and said Boucher has privilege of cleariug whatever land, he may think proper, within the said boundaries without let or molestation, whatever, and enjoy the privileges of the same during the term aforesaid, from the tenth day of March, next ensuing; in testimony of which, the said Vanbuskirk, hath set his hand and affixed his seal, this 9th of February, 1811:—But it is further agreed that if the said Boucher, shall pay, or cause to be paid unto said John Vanbuskirk, two dollars and a half per acre, in trade, then the said Vanbuskirk obligates himself, to make him a sufficient title in fee for as much as he shall pay, on that side of the run the land lies, if not the lease is only in force.
(Signed) JOHN VANBUSKIRK, (Seal.)
A contract will not be decreed specifically if there be no mutuality id est—if both parties cannot demand an execution neither shall be favored.
To obtain the specific execution of Vanbuskirk’s stipulation to make a title, Boucher exhibited his bill in equity, alledging that at the time of renting the land, being unable to purchase, but trusting to Providence for better fortune, he prevailed on Vanbuskirk to add to the lease the subjoined stipulation already recited, to make a title in case he, Boucher, should choose to purchase at any time within the leased term.
He charges that relying upon the covenant of Vanbuskirk, to convey, he entered upon the land, enjoyed the same during the lease, and made valuable improvements; that previous to the expiration of the lease, he tendered in round silver $125, to Vanbuskirk, and demanded a conveyance for so much land, as that sum would amount to at two dollars and a half per acre, but Vanbuskirk refused either to receive the money or make a title, and asks of the court, a decree compelling a conveyance, &c.
Vanbuskirk admits the execution of the lease, charges it to have been since altered without his privity or assent; admits the sender of the money, but denies that he is bound to convey.
On a final hearing, the circuit court, supposing that there was not such a mutuality and certainty of consideration as authorised a specific execution of Vanbuskirk’s stipulation to convey, pronounced a decree dismissing Boucher’s bill, without prejudice to any remedy which he might have at law. To reverse that decree, Boucher has prosecuted this writ of error.
It is apparent, as well from the stipulation subjoined to the lease, as from the allegations of Boucher’s bill, that Boucher, at the execution of the lease, came under no obligation to purchase the land; but that it was left to his election whether or not he should thereafter choose to purchase and pay for the land. It is obvious, therefore, that Vanbuskirk could not have sustained a bill to compel the execution of the contract by Boucher; and as a general rule it is well settled that to enable either party to compel a specific execution, the contract must be mutually binding on each. See Newland on Contr. 154, and the authorities there cited.
Cases of a peculiar and extraordinary character might, perhaps, form some exceptions to the general rule; as, for example, where the party seeking the aid of the chancellor, on the faith of the contract, has put himself in a situa *347 tion from which he could not be extricated, equity might, from that circumstance, be induced to give relief.
Hardin for appellant, Bibb contra.
But the present case presents no such peculiar circumtances of hardship. The only circumstance relied on as distinguishing this case from the naked case of an agreement binding on but one party, is that of the improvements alledged to have been made by Boucher on the land But there is no evidence in the cause conducing to prove whether any, and if any, what description of improvements were made by Boucher. The improvements may, for aught appears in the record, not be more than an equivalent for the use of the land during the demised term.
Under these circumstances we can have no hesitation in pronouncing the decree of the court, dismissing Boucher’s bill, correct.
The decree must consequently be affirmed with cost.